IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CV-95-FL

| | | |
|---|---|---|
| JACKIE BLUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| AKAL ENTERPRISES | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for hearing June 25, 2014, on defendant's motions for summary judgment and for sanctions (DE 15), and plaintiff's motion to amend (DE 11). This memorandum opinion memorializes decisions issued from the bench, allowing the motion for summary judgment, and allowing the motion for sanctions in part, and denying the motion to amend with leave to file amended complaint.

**BACKGROUND**

The court relies on the filings of record and matters discussed by counsel at hearing in furtherance of this background summary. Plaintiff instituted this suit by complaint filed February 20, 2014, through counsel Christopher D. Lane, alleging defendant Akal Enterprises violated the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq., where the conditions of a Subway restaurant it allegedly owns ("the Business"), located at 1373 Kildaire Farm Road, Cary, North Carolina, 27511 ("the Property"), are not compliant with the ADA.

Lane attests in his declaration filed in response to defendant's motions that he originally named Akal Enterprises as a defendant based upon public records obtained from the Wake County

Register of Deeds, which he refers to as "lease information." Counsel for defendant noted at hearing that the recorded document, captioned "Subordination, Non-Disturbance and Attorney Agreement," is not, in fact, a lease. Counsel for plaintiff also points to an Article of Merger filed with the Secretary of State. The Article of Merger, dated September 22, 2003, shows that a corporation known as GDT Management ("GDT") was merged into defendant. The record from the Register of Deeds describes GDT as tenant of certain property shown to be the Business located at the subject Property, which is at issue in the case.

Gurmel Singh Thind ("Thind"), identified as an agent for Akal Enterprises and through whom service was effected, contacted counsel for plaintiff, as reported in counsel's declaration, to advise that the Business had been sold earlier to some unknown individual(s). In response, counsel called the Business directly and inquired about ownership in dialogue with an employee identified as working in some managerial capacity. That unnamed person informed counsel that the Business is owned by "The Pantry, Inc."

At hearing, counsel, who has brought well over 100 of these types of suits in the district, indicated that persons operating businesses, in his experience, sometimes have incentive to answer such a question incorrectly, if the question is posed for the purpose of obtaining information in aid to the bringing of a lawsuit. However, counsel did not recall in this instance introducing the prospect of a lawsuit in dialogue with the Business's employee.

Based on information gleaned in that telephone discussion with an employee working at the Business, while still maintaining the action against defendant, plaintiff amended her complaint on April 25, 2014, as of right to add as an additional defendant The Pantry, Inc. Plaintiff alleged in her

2

amended complaint that defendant sold the Business operating at the Property to The Pantry, Inc. at an unknown date.

On May 12, 2014, plaintiff filed a notice of voluntary dismissal without prejudice of The Pantry, Inc., upon receiving information May 9, 2014, from its lawyer that The Pantry, Inc. operates no restaurant except in a free standing unit dedicated to The Pantry, Inc.'s retail gasoline sales, unlike the Property at issue here. In reliance on this information, he promptly dismissed The Pantry, Inc. from the lawsuit, while continuing to maintain it against Akal Enterprises.

On May 13, 2014, Ms. Geneva Yourse, counsel for defendant contacted counsel for plaintiff and informed that her client does not own the Business. Ms. Yourse amplified at hearing that in preface to making that telephone call to Mr. Lane, she called the leasing agent for the complex in which the Property is located in Cary, North Carolina. She asked the agent who owns the Business there. It appears she was told ownership is vested in N & F Subway, Inc. ("N & F") and/or Zakareya Qudwa ("Qudwa"). She was asked if she wanted any copies of the lease documentation, and she declined as unnecessary for her purposes.

Ms. Yourse gave this information, including the telephone number for the agent, to plaintiff's attorney that day, during the course of her telephone discussion with Mr. Lane May 13, 2014. Mr. Lane testifies in his declaration that he agreed to investigate further.

It does not seem, however, that Mr. Lane undertook any further investigation to determine whether defendant had any interest in the Business at the time of events complained of; rather, relying on Ms. Yourse's information, he searched the records of the North Carolina Secretary of State concerning N & F, and three days later, on May 16, 2014, sought leave of the court to amend

3

plaintiff's complaint to add this defendant.[1] The proposed second amended complaint again repeats Akal Enterprises also as a defendant. In the proposed complaint, plaintiff alleges that defendant sold the Business operating at the Property to N & F at an unknown date.

In plaintiff's motion to amend, she asserts that her counsel was informed by defense counsel that the Property had been sold to Qudwa, who plaintiff states is the owner of N & F. Plaintiff attaches to her motion a document from the North Carolina Secretary of State reflecting a search date of May 16, 2014, stating that the president and registered agent of N & F is Qudwa. The report lists the Property as the office address of Qudwa and N & F.

On May 20, 2014, defendant filed the instant motion for summary judgment and for sanctions. Defendant argues that it does not, nor did it ever own, operate, control, or lease the Business located at the Property. Defendant also asserts that plaintiff cannot produce any evidence which reasonably links it to the Property, and therefore she filed a frivolous lawsuit against defendant. Defendant asserts it is entitled to attorney fees and sanctions pursuant to 42 U.S.C. § 12205 and N.C. Gen. Stat. § 6-21.5.

In support of its motions, defendant filed a document entitled "Business Corporation Annual Report," and various lease documents regarding the Business and the Property (collectively the "Subway transfer documents"). The Business Corporation Annual Report appears to be comprised of two such reports for defendant for the 2011 and 2012 fiscal years. These name Thind as president and registered agent of defendant, but contain no mention of the Business or the Property. The Subway transfer documents show a series of formalized agreements from 1985 up through 2002, resulting eventually in assignment of a sublease in 2002, not from defendant but from Joseph Ramos

---

[1] In his affidavit, Lane erroneously states that he filed the motion to amend on May 19, 2014, rather than May 16, 2014.

and Davinder Singh to Qudwa. While the Subway transfer documents also indicate that Thind, defendant's president, possessed power of attorney from Davinder Singh, nothing on the face of the Subway transfer documents indicates defendant or Thind owned, operated, or leased the Business at the Property.

On June 18, 2014, defendant filed the declaration of her attorney, Lane, to which mention already has been made. The attorney affirms that he intends to file a stipulation of dismissal as to Akal Enterprises at such time as plaintiff's motion to amend is granted. Plaintiff's attorney has offered that he planned to wait to dismiss Akal Enterprises until that time based upon a concern about a case pending with no defendant. It is not plaintiff's intent to keep defendant "in the case any longer than necessary," he offers. The "necessary" part does not relate to a need for further investigation concerning Akal Enterprises; rather, it relates to plaintiff's perceived need that in order to proceed against N & F, she must keep Akal Enterprises as a defendant until such time as the motion to amend finds favor with the court.

## ANALYSIS

Plaintiff's attorney personally was told after service was made on Akal Enterprises's representative that this defendant was without involvement, and, again, on May 13, 2014, by the attorney for defendant that Akal Enterprises has no involvement with the Business now nor was it involved with it during the time period at issue. Counsel agreed to investigate and in that investigation he focused on the new name given to him by Ms. Yourse to pursue, that is N & F, which as a courtesy she provided upon her investigation with the leasing agent in advance of calling Mr. Lane. After culling records of the Secretary of State, N & F, in tandem with Akal Enterprises, became the subject of the proposed second amended complaint.

5

Plaintiff conceded at hearing June 25, 2014, there is no factual basis on which to proceed against Akal Enterprises for the wrongs alleged. Upon the record presented, defendant's motion for summary judgment is ALLOWED.

While the proposed second amended complaint is rife with allegations about defendant's wrongdoing, past and present, her supporting memorandum filed May 16, 2014, three days after Ms. Yourse's conversation with her counsel, belies that her focus now is on N & F. While the proposed amended complaint would seek to maintain the action against Akal Enterprises, nowhere does plaintiff urge in its supporting memorandum that this defendant should remain in this suit.[2] This is tacit acknowledgment by plaintiff that there is no basis for continued action against Akal Enterprises on the facts.

Rather, as commented on in his declaration, plaintiff seeks to proceed against this defendant only to preserve the case, where counsel is under a belief that if Akal Enterprises is dismissed before a new defendant is added, the case will collapse around this plaintiff. The allegations against Akal Enterprises to recover for alleged wrongs suffered by plaintiff have been dismissed on motion for summary judgment. Where there is no genuine issue of material fact, and this defendant entitled to judgment as a matter of law, there can be no grounds for continuing to proceed against Akal Enterprises as the second amended complaint repeatedly asserts on its face. Accordingly, the motion to amend to permit plaintiff to proceed now on the second amended complaint is DENIED.

---

[2] In that memorandum, plaintiff refers to public information reported to the North Carolina Secretary of State that defendant and The Pantry, Inc. were owners of the subject Business; however on the record presented, it does not appear The Pantry, Inc. was added to the suit based on anything other than information gleaned from a telephone call to the Business by counsel.

6

As to the motion for sanctions, defendant requests that they be imposed pursuant to 42 U.S.C. § 12205 and N.C. Gen. Stat. § 6-21.5. Reliance on N.C. Gen. Stat. § 6-21.5 is misplaced. In relevant part, N.C. Gen. Stat. § 6-21.5 provides that "[i]n any civil action . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." Plaintiff, however, filed this case in federal court invoking federal question jurisdiction. Thus, a North Carolina law providing for attorney's fees is inapplicable to this case.

Pursuant to 42 U.S.C. § 12205, "[i]n any action . . . commenced pursuant to this chapter, the court . . . in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." In a case examining a nearly identical attorney's fee provision for a Title VII action, the Supreme Court held that a prevailing defendant is entitled to attorney's fees only if the plaintiff's suit was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978). Courts have applied this standard to section 12205 also. See, e.g., Bruce v. City of Gainesville, 177 F.3d 949, 951 (11th Cir.1999); Adkins v. Briggs & Stratton Corp., 159 F.3d 306 (7th Cir.1998); Summers v. A. Teichert & Son, Inc., 127 F.3d 1150 (9th Cir. 1997); Carter v. McCreary Modern, Inc., No. 5:10-CV-14-RLV, 2012 WL 1077445, at *1 (W.D.N.C. Mar. 30, 2012); Goldstein v. Costco Wholesale Corp., 337 F. Supp. 2d 771, 774 (E.D. Va. 2004); cf. Small v. Dellis, 211 F.3d 1265 (4th Cir. 2000) ("The attorney's fee provision in the ADA borrows its fee-shifting language from other civil rights statutes, and therefore carries the same underlying policies.").

7

The Fourth Circuit has cautioned, however, that "awarding attorneys' fees to a prevailing defendant is a conservative tool, to be used sparingly in those cases in which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 517 (4th Cir. 2012) (internal quotations and alterations omitted).

In this case, at the least, plaintiff, having already dismissed one incorrectly named defendant, unreasonably continued to litigate from and after May 13, 2014, against Akal Enterprises. Plaintiff admittedly made Akal Enterprises the continued subject of suit solely on plaintiff's unsubstantiated fear that it may not be possible to maintain the action without hanging on to Akal Enterprises as a defendant. And more than that, plaintiff continues to allege through the form of the proposed second amended complaint that Akal Enterprises is an active wrong-doer.

At the very least, attorneys' fees and expenses from May 13, 2014, are proper as plaintiff "continued to litigate" after the suit "clearly became" "frivolous, unreasonable, or groundless." Christiansburg, 434 U.S. at 422. Had counsel reflected on jurisprudence in this circuit standing for the proposition that normally the trial court will give plaintiff leave to file an amended complaint, after dismissal under Rule 12(b)(6), see, e.g., Ostrzenski v. Seigel, 177 F.3d 245 (1999), the attorney could have seized on this as a vehicle for correction. To have taken a dismissal of Akal Enterprises together with the filing of a motion to amend to introduce claims against the correct defendant would have been a proper course of action.[3]

Pursuant to 42 U.S.C. § 12205, the court may award "a reasonable attorney's fee, including litigation expenses, and costs." Id. To determine an appropriate attorneys' fee award the court

---

[3] Even if plaintiff had no mechanism by which to continue a suit with no defendant, it is far from clear that this would justify her maintaining a groundless suit against a defendant for some time so as to protect her from having to re-file.

begins by calculating the lodestar figure – that is, an amount of fees calculated by multiplying the amount of hours reasonably expended by the attorney by a reasonable hourly rate. Perdue v. Kenny A. *ex rel.* Winn, 559 U.S. 542, 546 (2010). This figure is to be determined with reference to the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-20 (5th Cir. 1974). McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended (Jan. 23, 2014). The Fourth Circuit characterizes the twelve factors set forth in Johnson as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978).

The court need not, however, list each Johnson factor or comment on those which do not apply, Bergstrom v. Dalkon Shield Claimaints Trust (*In re* A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996), "nor are the Johnson factors exhaustive of the considerations which should guide courts in assessing fees." Arnold v. Burger King Corp., 719 F.2d 63, 67-68 (4th Cir. 1983). In appropriate circumstances, the district court should give weight to the relative financial positions of the litigants. Id. at 68. "The policy of deterring frivolous suits is not served by forcing the misguided . . . plaintiff into financial ruin simply because he prosecuted a groundless case." Id. "When the plaintiff can afford to pay, however, the congressional goal of discouraging frivolous suits weighs heavily in favor of levying the full fees." Id.

9

At hearing, defendant was allowed fourteen (14) days within which to provide affidavit and supporting memorandum regarding attorney's fees sought from and after May 13, 2014. Plaintiff shall have fourteen (14) days within which to respond. Having denied the motion to amend, also as stated at hearing, the court HOLDS the case OPEN on its active docket, where plaintiff is given THIRTY (30) DAYS' leave to file an amended complaint, upon due diligence in investigation of the identity of the proper defendant(s).[4]

## CONCLUSION

Based on the foregoing, defendant's motion for summary judgment (DE 15) is GRANTED. Defendant's motion for sanctions (DE 15) is DENIED IN PART as to sanctions under N.C. Gen. Stat. § 6-21.5, and GRANTED IN PART as to sanctions pursuant to 42 U.S.C. § 12205 from and after May 13, 2014. Defendant is DIRECTED to file within fourteen (14) days affidavit and supporting memorandum regarding attorney's fees sought from and after May 13, 2014, to which plaintiff shall have fourteen (14) days to respond. Plaintiff's motion to amend (DE 11) is DENIED; however, the court HOLDS the case OPEN on its active docket, where plaintiff may file within THIRTY (30) DAYS an amended complaint, should plaintiff wish to proceed upon due diligence in investigation against the proper defendant(s).

SO ORDERED this the 30th day of June, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[4] As the court noted, too, at hearing, documentation gathered by defendant identifies the lessee not as N & F but, rather, as Qudwa.